11639 Fuller

JUDGE CONNER



United States District Court
Southern District of New York

---

Linda R. Fuller, individually, and on
Behalf of others similarly situated
       Plaintiffs,

v.

Gerelli's Insurance Agency, Inc. and
Alfred E. Gerelli, individually
       Defendants.

---

**05 CIV. 8457**

Complaint
"ECF Case"
Jury Trial Demanded

  The Plaintiff Linda R. Fuller (hereinafter "Ms. Fuller" or "Plaintiff Fuller') by her attorney Joseph P. Carey, P.C. and pursuant to FRCP Rule 8(a) as and for her complaint against Gerelli Insurance Agency, Inc. (hereinafter "Defendant Agency") and Alfred E. Gerelli, individually (hereinafter "the individual Defendant") or ("Co-Defendants"), allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for compensatory and liquidated damages for unpaid overtime pursuant to the Fair Labor Standards Act of 1938 (The ACT), 29 USC §§ 201-209; and this action also contains pendent claims for compensatory and liquidated damages for unpaid overtime pursuant to the New York State Labor Law §663, and its Regulations 12 NYCCR §142-2.2.

### JURISDICTION

2. This court has jurisdiction conferred by Federal Rules of Civil Procedure Rule 20 and by 28 USC §§ 451, 1331, 1367, the Fair Labor Standards Act of 1938 as amended, codified at 29 USC §§ 201, et. seq. and 29 USC § 216 (b); and New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

### VENUE

3. The United States District Court for the Southern District of New York, White Plains Division is the proper venue for this action because the Defendant conducts business within the counties contained in the Southern District of New York, including the White Plains Division, and the Plaintiff resides within the jurisdiction of this Court.

1

4. The Plaintiff Ms. Fuller resides at 1228 North Avenue, Beacon, Dutchess County, New York 12508.

5. Upon information and belief Gerelli Insurance Agency, Inc is a corporation either incorporated in the state of New York or duly authorized to conduct business in the state of New York.

6. Upon information and belief the individual Defendant Alfred E. Gerelli resides in the state of New York.

## FACTUAL ALLEGATIONS

7. The Plaintiffs bring this action to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs due under the Fair Labor Standards Act 29 USC §§ 201 et. seq. and its Regulations 29 CFR part 778 and under the New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

8. Plaintiff Fuller was hired by Co-Defendants in October 2002.

9. Plaintiff Fuller worked as an hourly nonexempt employee and was discharged without just cause for questioning and protesting the Co-Defendants' policy of not allowing Plaintiff Fuller, and all those similarly situated, to log out at the completion of assigned tasks, but requiring her, and all those similarly situated, to log in at the beginning of the day before the performance of any assigned tasks. At the time of her discharge in July 2005, Plaintiff Fuller was being paid $18.74 per hour.

10. The Plaintiff Fuller, and all those similarly situated, regularly worked in a given work week, in excess of 40 hours, and the Co-Defendants did not record the weekly hours worked in excess of 40.

11. The Plainitiff Fuller received no overtime compensation for any of the weekly hours worked in excess of 40.

## COUNT 1: COMPENSATORY AND LIQUIDATED DAMANGES FOR PLAINTIFF GORMAN FOR VIOLATION OF FLSA AND ITS REGULATIONS 29 CFR PART 778

12. Plaintiff Fuller repeats and realleges ¶¶ 1-11 above as fully set forth herein.

13. Upon information and belief the Co-Defendants have multiple lawyers who perform legal services for them. The Co-Defendants knew or should have known that Plaintiff Fuller was not paid for such "hours worked".

2

14. Upon objecting to the nonpayment of the hourly overtime, the Co-Defendants through their management representatives told Plaintiff Fuller, and all those similarly situated, that the labor law does not apply to Co-Defendants because they are "a small business"; alternatively the Co-Defendants, through their management representatives told Plaintiff Fuller, and all those similarly situated, that they would make up the unpaid overtime when their respective Annual Reviews occurred.

15. The unpaid overtime referred to in ¶ 14 herein was never made up to Plaintiff Fuller, or to all those similarly situated.

16. The Co-Defendants willfully failed to record the times mentioned in ¶¶ 10, 11 & 14 herein, as "hours worked" and thereby willfully failed to pay overtime compensation to the Plaintiff Fuller and to all those similarly situated, in violation of the Fair Labor Standards Act and its Regulations 29 CFR Part 778.

### COUNT 2: COMPENSATORY AND LIQUIDATED DAMAGES FOR PLAINTIFF GORMAN FOR VIOLATION OF NEW YORK STATE LABOR LAW §663 AND ITS REGULATIONS 12 NYCCR §142-2.2.

17. Plaintiff Fuller repeats and realleges ¶¶ 1-16 above as fully set forth herein.

18. The Co-Defendants willfully failed to record the times mentioned in ¶¶ 10, 11 & 14 herein as "hours worked" and thereby willfully failed to pay overtime compensation to the Plaintiff Fuller, and all those similarly situated, in violation of New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Fuller, and all those similarly situated request that this Court enter Judgment and Order to Plaintiffs:

    a. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;

    b. Declaring that the Defendant's violations of the FLSA and New York Labor Law were willful;

    c. Awarding the Plaintiff liquidated damages for her claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages as determined by the Jury.

    d. Awarding the Plaintiff damages for her claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages as determined by the Jury.

    e. Awarding the Plaintiff's costs and a reasonable attorney's fee.

    f. Granting Plaintiff such other and further relief as this Court finds just and necessary.

### JURY TRIAL DEMAND

Plaintiff Fuller demands a jury trial on all questions of fact in this action.

Dated: September 26, 2005
Fishkill, New York

    Joseph P. Carey, P.C.

    By _____
    Joseph P. Carey (JC4096)
    Attorney for the Plaintiff and all those
    Similarly situated
    1081 Main Street, Suite E
    Fishkill, New York 12524
    (845) 896-0600

# CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)

I hereby consent to be a Plaintiff in an action under the FLSA 29 USC § 201 at. seq., to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Gerelli Insurance Agency, Inc. and Alfred E. Gerelli, individually.

I authorize the law office of Joseph P. Carey, P.C. and any associated attorneys, as well as my successors or assigns, to represent me in such action.

Dated: 9/26/2005

_Linda Fuller_
Signature

_Linda Fuller_
Name (Printed)